IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **CHRISTOPHER MYERS, # 54725-037,** | |
| Petitioner, | |
| v. | Criminal No. RWT-11-0614 <br> Civil No. RWT-14-2428 |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

### MEMORANDUM OPINION AND ORDER

This matter arises out of a criminal case wherein the execution of a search warrant resulted in charges against Petitioner Christopher Myers for knowingly receiving, possessing, and transporting child pornography. ECF No. 37. After a four-day trial beginning on July 24, 2012, the jury returned a verdict finding Myers guilty on all three charges. ECF Nos. 63, 79. Now pending before the Court is Myers' petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in which he outlines an argument for ineffective assistance of counsel that he believes is proper grounds for relief.[1] ECF No. 129.

---

[1] Myers also submitted a Motion for Leave to Undergo Polygraph Examination, the stated purpose of which is to submit the results as evidence and establish his innocence. ECF No. 130. To the extent that Myers wishes to introduce polygraph results to re-litigate this case, any such evidence was not brought on appeal, cannot establish his actual innocence, and thus would be insufficient for collateral attack. *See generally Bousley v. United States*, 523 U.S. 614, 621–24 (1998) (holding that actual innocence is an exception to a procedurally defaulted § 2255 claim only when "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [the petitioner]"); s*ee also United States v. Ruhe*, 191 F.3d 376, 387 (4th Cir. 1999) (upholding the Fourth Circuit's *per se* ban on polygraph evidence). To the extent that Myers wishes to use the polygraph test to bolster his claims for ineffective assistance of counsel, defense counsel cannot be found deficient under a Sixth Amendment, post-conviction § 2255 motion for "declin[ing] to arrange for a polygraph test" because the "test would have been inadmissible, and undertaking the test would serve no purpose." *See Marga v. United States*, No. CIV. RDB-11-2823, 2013 WL 1787963, at *4 (D. Md. Apr. 25, 2013) (denying a § 2255 motion where the petitioner claimed ineffective assistance of counsel on the grounds that his attorney did not seek polygraph evidence at trial). The Court will, therefore, deny the Motion.

**BACKGROUND**

In 2006, a Customs Enforcement Agency investigation identified Myers as an individual who purchased a membership to a website called "Sick Child Room," which advertised and offered images of pre-pubescent children engaged in sexually explicit conduct. ECF No. 36, at 1–2. After an undercover Montgomery County Police investigation, law enforcement officers executed a search warrant on a residence in Germantown, Maryland that was determined to be the source of child pornography file sharing. *Id.* During the search, the officers recovered Myers' laptop, which contained over a thousand files depicting children, some as young as infants, engaged in sexually explicit conduct. *Id.*

A Grand Jury returned an Indictment charging Myers under 18 U.S.C. § 2252A(a)(1) for knowingly transporting child pornography, 18 U.S.C. § 2252A(a)(2) for knowingly receiving child pornography, and 18 U.S.C. § 2252A(a)(5)(B) for knowingly possessing child pornography. ECF No. 37. The case proceeded to a four-day jury trial in July 2012 and concluded with a guilty verdict on all counts. ECF Nos. 63, 79. On January 2, 2013, this Court entered a Judgment sentencing Myers to a sixty-month term of imprisonment, followed by five years of supervised release. ECF No. 108, at 1–3. The Fourth Circuit affirmed this Court's verdict and sentence on March 10, 2014, *United States v. Myers*, 560 F. App'x 184 (4th Cir. 2014), and Myers filed a timely motion pursuant to § 2255 seeking to set aside, correct, or vacate his sentence on July 30, 2014, ECF No. 129. The Government responded in opposition on November 7, 2014, ECF No. 134, and Myers filed a reply in support of his motion on December 29, 2014, ECF No. 137.

**DISCUSSION**

Under § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *Id.* Myers presents two arguments under ineffective assistance of counsel that he believes are proper grounds for relief pursuant to § 2255: failure to call an expert witness regarding his vision impairment and failure to challenge the constitutionality of the Superseding Indictment. ECF No. 129. The Court finds that these arguments have no legal basis.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a defendant must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Under the prejudice prong, a defendant must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional

errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694.  Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 669.  Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

I. **Myers' claim of ineffective assistance on the grounds of not calling an expert witness fails because he cannot establish deficient performance or prejudice.**

Myers suffers from Oculocutaneous Albinism Type 1, a disorder that includes significant vision impairment. *See* ECF No. 129-7.  Myers alleges that his attorneys, LaKeytria Felder and Julie Johnson, were ineffective because they failed to submit Dr. Cynthia Kipp as an expert witness in time for the Court to hear her testimony at trial.  ECF No. 129, at 4.  Myers asserts that Dr. Kipp's testimony was crucial to establishing his vision impairment.  ECF No. 129-1, at 13–14.  However, simply second guessing defense counsel's strategy does not satisfy an objectively unreasonable standard of performance. *Strickland*, 466 U.S. at 689.  Defense counsel's comments regarding the decision to submit Dr. Kipp as a witness illustrate that the testimony was (1) not central to their strategy and (2) unnecessary to establish a record of the vision impairment:

> *Out of an abundance of caution*, we said we better put [Dr. Kipp] on.  But that's why that name is just being provided this morning, because *we believe we can get all of this evidence in without relying on an expert*.

ECF No 134-1, at 4 (emphasis added).  Indeed, without the testimony of Dr. Kipp, defense counsel did manage to substantiate Myers' vision impairment on the record and introduce it to the jury for consideration. *See* ECF Nos. 134-2, 134-3, 134-4.  Therefore, in light of these facts and under the highly deferential standard that courts must adhere to, the Court considers defense

4

counsel's performance and strategy objectively reasonable. *See also Terry*, 366 F.3d at 317 (noting that "the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which [we] must afford enormous deference").

Even if Felder and Johnson's performance were somehow deficient, Myers is still not entitled to relief under *Strickland* because he cannot show prejudice—that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Myers insists on re-presenting his vision impairment as a defensive strategy to his child pornography conviction. ECF No. 129. However, this strategy defies logic because Myers is not asserting that he is incapable of using a computer. By defense counsel's own statements, Myers "has overcome his disability" and "accomplished remarkable things in his life" like legally driving a car, developing mobile radio devices, and physically volunteering to help in responding to emergencies. ECF No. 134-1, at 11. In Myers' § 2255 petition, he states that the expert witness could have corroborated that he can only see "2% of a 15-inch computer screen at any time." ECF No. 129-1, at 4. However, whether Myers could view some or all of a screen at a given time, does not change the fact that Myers capably used a computer both at work and at home. ECF No. 134-1, at 8. A reasonable jury could infer that Myers' use of a computer during his intensive electronics and communications occupation with the federal government is at least as visually demanding as viewing or downloading pictures from the internet. As such, his vision impairment is neither an affirmative nor mitigating defense that would have altered the

jury's verdict or Myers' sentence.[2]  Thus, Myers has not offered any evidence or argument, beyond his own conclusory statements, regarding what else defense counsel could have said that would have reasonably resulted in a different outcome at his trial or a more lenient judgment at his sentencing hearing.  *Terry*, 366 F.3d at 316 (stating "conclusory allegations are insufficient to establish the requisite prejudice under *Strickland*").

**II.     Myers' claim of ineffective assistance for not challenging the Superseding Indictment fails because he cannot establish deficient performance or prejudice.**

Myers also asserts that his attorneys were ineffective because they failed to challenge the constitutionality of the revised charges within the Superseding Indictment.  ECF No. 129-1, at 15–17.  However, Myers fails to establish that their performance fell below reasonable professional assistance.  *Strickland*, 466 U.S. at 689.  Revising an Indictment prior to trial is within the discretion of the prosecution.  *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (holding that when a prosecutor has probable cause, the decision of what charges to file "generally rests entirely in his discretion"); *see also United States v. Wilson*, 262 F.3d 305, 315 (4th Cir. 2001) (noting that "although prosecutorial decisions must not be made in retaliation against defendants for exercising their legal rights, courts must nonetheless be cautious not to intrude unduly in the broad discretion given to prosecutors in making charging decisions.").  The standard for demonstrating vindictive prosecution is "rigorous" and "must be supported by a showing sufficiently strong to overcome the presumption of prosecutorial regularity."  *Wilson*, 262 F.3d at 315.

---

[2] Myers mistakenly asserts that the Court lowered his sentence by twelve levels in the sentencing guidelines solely on the basis of Dr. Kipp's testimony at sentencing regarding his vision impairment. ECF No. 129-1, at 14.  Myers then incorrectly deduces that the same testimony would have persuaded a jury to find a different verdict. *Id.*  The Court reduced Myers' sentence under U.S.S.G. § 5H1.4—not on the grounds that his vision impairment called into question his guilt, but because his disabilities would leave him vulnerable in a prison setting. ECF 109-1, at 5, 14.

Myers fails to substantiate, or point to any evidence at all, to support his claim that the Government produced the Superseding Indictment to "punish him for exercising a Constitutional right." ECF No. 137, at 7.  On the other hand, in direct opposition to Myers' assertion, the record demonstrates that the defense attorneys actively challenged the Superseding Indictment. His attorneys filed a motion to sever the "receipt" charge, ECF No. 44, and just before trial, orally moved to dismiss that same charge because of prejudicial delay in bringing the Superseding Indictment, ECF No. 134-1, at 9.  Given these motions and Myers' failure to establish vindictive prosecution, any additional motion against the Superseding Indictment cannot surmount the standard required for ineffectiveness because defense counsel "is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990).

Myers further alleges that the Government added the count of "possession of child pornography to the previously charged count of receipt of child pornography." ECF No. 129-1, at 15–17. Myers claims that there is no legal difference between the "receipt" and "possession" charges[3] and, therefore, that the Government added the repetitive charge solely to penalize him because it carried a mandatory minimum sentence. *Id.*  These assertions regarding the charging documents are erroneous.  The record shows that the original Indictment included one count of distribution under § 2252A(a)(2) and one count of possession under § 2252A(a)(5)(B). ECF No. 1.  The Superseding Indictment included one count of receipt under § 2252A(a)(2), one count of transportation under § 2252A(a)(1), and one count of possession under

---

[3] Myers' assertion that "receipt" and "possession" charges are a duplicative tactic used by prosecutors is misguided. *See* ECF No. 129-1, at 15–16.  The charges applied to distinct incidents on separate dates. ECF No. 37. The "receipt" charge corresponded to the membership purchase from the "Sick Child Room" in 2006, and the "possession" charge corresponded to the files physically obtained from Myers' laptop in 2010. *See supra* Background.  The Government had to call different witnesses and offer separate evidence to prove the charges independently. *See, e.g.,* ECF No. 134-1, at 15–112.

7

§ 2252A(a)(5)(B). ECF No. 37. In contrast to what Myers maintains, the "possession" charge remained unchanged between the Indictments. The charge for "distribution" in the original Indictment and "receipt" in the Superseding Indictment are both covered under § 2252A(a)(2), and as such, possess the same statutory elements that must be proved against a defendant and the same mandatory minimum sentence of sixty months. *See* 18 U.S.C. §§ 2252A(a)(2), (b)(1). Consequently, Myers' accusation that the Government produced the Superseding Indictment for the purpose of imposing a charge that carried a mandatory minimum is mistaken, because the original Indictment also included a charge under § 2252A(a)(2) that carried the same mandatory minimum. The additional charge in the Superseding Indictment was the "transportation" charge, which falls under a different statutory subsection. *See* 18 U.S.C. § 2252A(a)(1).

Even if the performance of his attorneys was ineffective regarding their action or inaction against the Superseding Indictment, Myers is not entitled to relief because he cannot show prejudice since the result of the proceeding would not have been any different. *Strickland*, 466 U.S. at 694. While a violation of the added "transportation" charge under § 2252A(a)(1) carries a mandatory minimum sentence of sixty months, it was not the only charge that carried that mandatory minimum. Myers was convicted on all three counts, and his sentence included three concurrent sixty-month sentences. Removal of any singular charge or conviction would not have resulted in a shorter total term of imprisonment, and therefore, Myers cannot demonstrate prejudice on these grounds. *Id.* Accordingly, defense counsel's performance cannot be considered constitutionally deficient under a Sixth Amendment, post-conviction § 2255 motion.

**CERTIFICATE OF APPEALABILITY**

Myers may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Myers has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Myers' motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Christopher Myers' claims, and thus no certificate of appealability shall issue.

**CONCLUSION**

The Court finds that none of Myers' claims are adequate to satisfy the *Strickland* two-prong test establishing ineffective assistance of counsel. Myers' motion will be denied and no certificate of appealability shall issue. Accordingly, it is, this 11th day of June, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's First Motion to Set Aside, Correct, or Vacate Sentence Under 28 U.S.C. § 2255 (ECF No. 129) is hereby **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion for Leave to Undergo Polygraph Examination (ECF No. 130) is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-14-2428.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE